UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELOYD GRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 16-2229 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Deloyd Gray filed this action on October 24, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 10, 11.) The parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.
# PROCEDURAL BACKGROUND

On November 1, 2012, Gray filed an application for disability insurance benefits alleging an onset date of November 18, 2011. AR 18. The application was denied initially and upon reconsideration. AR 18, 42, 65. Gray requested a hearing before an Administrative Law Judge ("ALJ"). On January 27, 2015, the ALJ conducted a hearing at which Gray testified. AR 32-41.

At the hearing, Gray requested a closed period of benefits from November 23, 2013 through December 19, 2014, when he returned to work. AR 18, 34-35. On March 23, 2015, the ALJ issued a decision denying benefits. AR 15-27. On August 23, 2016, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Gray met the insured status requirements through June 30, 2018 and had not engaged in substantial gainful activity during the period November 23, 2013 through December 19, 2014. AR 20.

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that, during the closed period, Gray had the severe impairments of degenerative joint disease, status post left shoulder arthroscopy with rotator cuff repair, and obesity. AR 20. Gray had the residual functional capacity ("RFC") to perform medium work except that he could sit, stand or walk for six hours in an eight-hour workday. AR 21. The ALJ found that Gray was capable of performing his past relevant work as a delivery truck driver as generally performed. AR 26.

## C. Residual Functional Capacity

The RFC measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986). The RFC is a

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e).

Gray, who worked as a delivery truck driver, was in a collision on November 23, 2013 and returned to work on December 19, 2014. AR 35. The ALJ found that Gray could perform medium work except that he could sit, stand or walk for six hours in an eight-hour workday. AR 21. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

Gray reported to Dr. Bruns that he was struck from behind by another tractor trailer during an ice storm in Texas on November 23, 2013. AR 427. His discharge diagnosis at the time included closed head injury, concussion with loss of consciousness, left proximal humerus fracture, severe cervical strain and forehead hematoma. AR 427. An MRI of his left shoulder on December 6, 2013, indicated "a large full thickness tear and retraction of his entire supraspinatus tendon and the anterior infraspinatus tendon with edema surrounding the infraspinatus muscle compatible with marked muscle strain." AR 428. The MRI also indicated evidence of impingement and labral tearing. AR 387.

On January 10, 2014, Gray underwent surgery with Dr. McClure to repair his left rotator cuff and started physical therapy seven days later. AR 383-84. Although Dr. McClure ordered physical therapy "per the postop protocol" (AR 381), the record does not describe that protocol. The physical therapy notes indicate that Gray was precluded from resistive exercises through February 5, 2014. AR 410-12 (signed off by Dr. McClure). As of February 6, 2014, Dr. McClure told Gray to avoid lifting more than two pounds. AR 379. Physical therapy notes indicate the two-pound limitation was maintained through April 4, 2014. AR 406, 408. On April 10, 2014, Dr. McClure continued Gray on the

postop protocol. AR 376. On April 25, 2014, Dr. McClure opined that Gray could occasionally lift less than 10 pounds but should never lift 10 pounds or more. Further, Gray was not capable of full time work. AR 392. Physical therapy continued with light resistive exercises "not far beyond" the two-pound limit through May 14, 2014. AR 404. Dr. McClure continued physical therapy "per the postop protocol" on May 15, 2014, August 18, 2014 and September 15, 2014. AR 397, 400, 403. However, Dr. McClure explained that he "agree[s] with the patient that the focus should not be on strength training at this point but rather range of motion." AR 403.

At the hearing on January 27, 2015, Gray testified that Dr. McClure released him to work in December 2014. AR 37. Gray testified that the only problem with his left shoulder is that he cannot lift above shoulder level. "I can pick up anything below, but I can't lift above my shoulder." AR 38. Other than "performing another surgery to see if there's something else that might be preventing me from being pain-free [Dr. McClure] said there's really not much else that could be done." AR 38.

Meanwhile, on August 19, 2014, Dr. Bruns performed an Independent Medical Evaluation ("IME") of Gray. AR 427-431. After a detailed review of Gray's medical records and detailed examination, Dr. Bruns responded to the question of whether Gray could return to work as follows: "Any restrictions of returning to work would also be dependent on the findings of the MRI [of his left shoulder]. These restrictions are primarily related to his left shoulder rather than any absolute restrictions for his cervical spine." AR 431. The MRI was conducted on September 11, 2014. AR 425.

On October 27, 2014, Dr. Bruns opined that Gray could occasionally lift up to 50 pounds (meaning less than 1/3 of the workday) and could frequently lift up to 20 pounds (meaning 1/3 to 2/3 of the workday). Gray was capable of full time work. AR 544.

Gray argues that the ALJ should have recontacted Dr. Bruns to determine whether he reviewed the September 2014 MRI of his left shoulder. The ALJ has a duty to develop the record if the evidence is ambiguous or if the ALJ finds that the record is inadequate to allow for proper evaluation. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Dr. Bruns' opinion was not ambiguous and the ALJ made no finding that the record was inadequate. Moreover, the transmittal for Dr. Bruns' medical records enclosed his records from August 19, 2014 through September 11, 2014, and contained both the September 11, 2014 MRI results and his August 19, 2014 report. AR 424-31. The ALJ could reasonably infer that Dr. Bruns had the MRI results before preparing his opinion dated October 27, 2014.

"The ALJ is responsible for . . . resolving conflicts in medical testimony, and for resolving ambiguities. We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (citation omitted). In this case, the issue is whether Gray was capable of medium work within one year after the accident on November 23, 2013. The ALJ reasonably relied upon Dr. Bruns' opinion in October 27, 2014 that Gray was capable of medium work. AR 25. As the ALJ noted, Dr. Bruns' opinion was consistent with the medical evidence and Gray's testimony that he returned to work not long afterwards on December 19, 2014. AR 25. Dr. McClure explained his decision to continue the "postop protocol" in physical therapy in May 2014 on his agreement with Gray that the focus should not be on strength training but rather on range of motion training. AR 403. The ALJ could reasonably interpret Dr. McClure's medical records and conclude that Gray was not precluded from medium work as of October 2014. 20 C.F.R. § 404.1545(a) (RFC is the most an individual can do despite his limitations). On this record, the court cannot say that the ALJ erred.

Gray's remaining arguments are without merit either because they do not address his RFC during the closed period of benefits or else address limitations that existed before or after the closed period of benefits while Gray was working.[2]

### D. Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling ("SSR") 82-62;[3] *see also* 20 C.F.R. § 404.1520(e).

Gray's argument at step four is based on his challenge to the RFC assessment, which the court must reject for the reasons set forth above. Although Gray states that he cannot lift above his shoulder level, Gray testified

---

[2] For example, Gray argues that the ALJ improperly gave little weight to Dr. Kennedy's opinion dated March 15, 2013 that Gray had "[i]mpaired ability to squat, kneel, stair climb or do prolonged standing/walking." AR 305. Gray makes the same argument as to a physical therapist's opinion that Gray was disabled in April 2013. AR 419. The court notes it is not clear that the physical therapist was actually opining as to disability. In any event, the ALJ properly discounted these opinions because they pre-date the closed period and Gray testified he subsequently began working as a delivery truck driver in August 2013. AR 23-24, 36. On May 29, 2014 (during the closed period), Dr. Manasse opined, in response to the same question posed to Dr. Kennedy, that Gray's knee and/or lower leg condition did not impact his ability to work. AR 527.

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

7

that he returned to his past relevant work notwithstanding the problem with his shoulder and "I still have it today." AR 38. To the extent Gray complains about problems with his knee, Dr. Manasse opined on May 29, 2014 (during the closed period) that his knee or lower leg condition did not impact his ability to work. AR 527. Gray has not shown error.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: April 24, 2017

ALICIA G. ROSENBERG
United States Magistrate Judge